UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21515

SHANE BAYNE,

    Plaintiff,

vs.

CONCRETE USA INC,

    Defendant.
_____/

**COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Shane Bayne, sues Defendant, Concrete USA Inc, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Shane Bayne**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of the Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendant.

4. Plaintiff consents to participate in this lawsuit.

5. Plaintiff worked for the Defendant from approximately December 26, 2024, to May 5, 2025, as an Equipment Operator and Rigger, whose duties included the inspection, operation, and safety protocols associated with the operation of heavy equipment (forklift, bobcat, and excavator) and as a crane rigger.

6. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendant is believed to have such records (or the FLSA requires Defendant to make and keep these records).

7. **Defendant, Concrete USA Inc,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

8. Defendant was Plaintiff's employer for purposes of the FLSA, as the term is defined by 29 U.S.C. §203(d).

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant transacts business in this District, because the Plaintiff worked and was to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

11. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

*FLSA Jurisdictional Allegations*

12. Defendant regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by and subject to the requirements imposed by the FLSA.

13. The defendant was, at all relevant times, engaged in interstate commerce through its provision of residential and commercial contracting services, which traditionally require the

use of goods, materials, supplies, and equipment that have all traveled through interstate commerce.

14. In particular, Defendant owns and operates a contracting company that provides concrete solutions for residential and commercial properties, including those for individuals, businesses, and governments, which, traditionally, cannot be performed without goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendant uses heavy machinery, cranes, rigging, tools, equipment, machinery, computers, networking equipment, software, telephones, telephone equipment, goods, supplies, and materials that moved through interstate commerce, as well as items previously placed in the stream of commerce from outside Florida before arriving in this District.

16. The defendant conducted its business by obtaining insurance and bonding for its company and projects through companies, agents, carriers, and/or brokers located outside Florida, which involved exchanging paperwork and payments across state lines.

17. Furthermore, Defendant obtained, solicited, exchanged, and sent funds to and from outside the State of Florida, regularly and repeatedly used telephonic transmissions outside of Florida to conduct business, and transmitted electronic information through computers, the internet, email, and other means outside of Florida in conducting its business.

18. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding two years.

*FLSA Overtime Liability and Damages*

3

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

19. Defendant was required to pay Plaintiff at least the hourly rate(s) and hourly fringe benefits (Wage Determinations) established for projects subject to the Davis-Bacon Act in Miami-Dade County based on the type of work he performed.

20. Defendant was further required by the Davis-Bacon Act to properly and accurately designate the type of work (classification) Plaintiff performed during each hour he worked on a qualified job site.

21. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendant.

22. Defendant did not pay Plaintiff overtime wages calculated at one and a half times the hourly rate applicable to his job classification(s) and established by the Davis-Bacon Act for Building Construction Projects (no more than 4 stories) in Miami-Dade County for all hours worked over 40 hours each workweek in which he worked overtime on those projects.

23. Plaintiff suffered damages because Defendant did not pay him all the overtime wages he earned and was required to receive from Defendant during the time relevant to this lawsuit.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

25. Plaintiff is entitled to recover from the Defendant, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Shane Bayne, demands the entry of a judgment in his favor and against Defendant, Concrete USA Inc, after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages;

b. That Plaintiff be awarded liquidated damages equal to the compensatory overtime wage damages as provided under the law and in 29 U.S.C. § 216(b);

c. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

d. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

e. That Plaintiff be awarded all other interest allowed by law; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Shane Bayne, demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of March 2026,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
