UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21515-LENARD/ELFENBEIN

SHANE BAYNE,

     Plaintiff,

vs.

CONCRETE USA INC,

     Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
TO FILE STATEMENT OF CLAIM AND/OR AMENDED COMPLAINT**

Plaintiff, Shane Bayne, requests that the Court extend the deadline to file the Statement of Claim required by this Court at ECF No. 4 based on the following good cause:

***Introduction***

1.     Plaintiff filed this case against his former employer to recover the overtime wages that he earned but was not paid. [ECF No. 1.]

2.     Specifically, Plaintiff claims that the Defendant did not pay him the correct base wage and fringe benefit amounts required by the Davis Bacon Act for the work he performed, resulting in the underpayment of the overtime wages he earned and should have received.

3.     Defendant maintained records of the hours that Plaintiff worked and the pay that he received for that work.

4.     Defendant also submitted Certified Payrolls to Miami-Dade County that contained the hours purportedly worked by the Plaintiff.

5.      Before filing this lawsuit, Plaintiff received from Miami-Dade County (a) the Davis-Bacon Wage Rates applicable to subsidized construction projects in Miami-Dade County and (b) the Certified Payroll records of the Defendant, from Miami-Dade County.

6.      One of the issues Plaintiff encountered is that the Certified Payroll records the Defendant submitted to Miami-Dade County do not match and/or cannot be reconciled with the paystubs Defendant issued to Plaintiff for the same dates and locations of work.

7.      The Court entered its Order requiring that Plaintiff file his Statement of Claim and/or an Amended Complaint. [ECF No. 4.]

8.      Undersigned counsel is familiar with this Court's practice of requiring the plaintiff in an FLSA case such as this one to file a Statement of Claim or Amended Complaint at the outset of the litigation so that the parties can evaluate the value of the claims asserted early in the case to determine whether to resolve the case before protracted litigation and the attendant attorneys' fees makes resolution more difficult.

9.      While mindful of the purpose of the Court's FLSA Order and the requirement that he quantify his claim, Plaintiff requests additional time to comply.

10.     The additional time is requested so that after appearing in this case, Defendant can provide Plaintiff with the time and pay records for pay periods relevant to this lawsuit so that Plaintiff can prepare his Statement of Claim with more accuracy.

11.     The idea behind this Motion is not delay, but instead efficiency: preparing an accurate Statement of Claim or Amended Complaint based upon existing time and pay records, instead of simply estimating, will better enable the parties to evaluate the claims, defenses, and formulate their respective strategies.

12. Plaintiff brings this motion on or before the deadline for filing the Statement of Claim established by the Court at ECF No. 4.

### The Law

13. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

14. Plaintiff submits that granting the requested enlargement of time will serve the interests of justice and will further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

15. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

16. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

17. Given that a Statement of Claim is, "an extra-Rules practice used by the district court for its convenience and to aid in case management," *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014), and that Defendant has not yet responded to the Complaint, there can be no prejudice to Defendant and there will be no delay in this Court's case management as a result of granting the brief extension requested herein.

### The Relief Requested

18. Plaintiff submits that it would be more efficient for him to calculate and then file

the required Statement of Claim after receipt of the time and pay records from Defendants, since Plaintiff will thereafter be able to more accurately prepare a statement of his damages based on the actual time, pay, and commission records.

19.     The alternative, of course, would be for Plaintiff to estimate the claimed FLSA damages in the Statement of Claim and then file an Amended Statement of Claim after she obtained the time and pay records, which would only complicate and delay these proceedings and result in the otherwise unnecessary expenditure of time, effort, and expense.

20.     Consequently, Plaintiff requests that the Court grant him an extension of time so that the Statement of Claim/Amended Complaint is due within 14 days after Defendant provides him with the time, pay, and certified payroll records applicable to the pay periods at issue in this lawsuit.

WHEREFORE Plaintiff, Shane Bayne, requests that the Court enter an Order extending the deadline for him to file his Statement of Claim and/or Amended Complaint in this case in light of the good cause shown above.

Dated this 30th day of March 2026.

<div style="margin-left:40%">

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

</div>