UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21515-LENARD/ELFENBEIN

SHANE BAYNE,

     Plaintiff,

vs.

CONCRETE USA INC,

     Defendant.

_____/

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiff, Shane Bayne, through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 55, Local Rule 7.1, the Court's order [ECF No. 15], and other applicable rules and laws, requests that the Court enter a Final Judgment in his favor and against Defendant, Concrete USA Inc., based on the following good cause:

### I. MOTION FOR DEFAULT

1. Plaintiff, Shane Bayne, sued Defendant, Concrete USA Inc., for violating the Fair. Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* by failing to pay him overtime wages. [ECF No. 1].

2. Plaintiff provided a copy of the Summons and Complaint to his process server, who served Defendant on March 11, 2026, at the address of 22405 SW 132 Ct, Miami, FL 33170. [ECF No. 6-1].

3. Defendant took none of the required actions and filed nothing through the date set forth below, such that the Clerk of Courts granted Plaintiff's Motion for Entry of Clerk's Default. [ECF No. 13].

4.        Appended to this motion as Exhibit "A" is a Declaration of Indebtedness by Plaintiff, Shane Bayne, wherein he attests to being owed $4,906.30, comprised of $2,453.15 in unpaid overtime wages and $2,453.15 in liquidated damages. (Exhibit "A"); *see also* [ECF No. 14].

5.        As the prevailing party in this case, Plaintiff seeks the recovery of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08 and therefore seeks an order of entitlement to recover his attorneys' fees and costs from Defendant.

6.        A proposed Final Default Judgment is being filed with this motion as Exhibit "B."

7.        Plaintiff is serving a copy of this Motion on Defendant by U.S. Mail at the address it was served with process in this action.

WHEREFORE Plaintiff, Shane Bayne, requests the Court to issue a Final Judgment in his favor against Defendant, Concrete USA Inc., for unpaid overtime wage damages of $2,453.15, liquidated damages of $2,453.15, entitlement to recover his attorneys' fees and costs from Defendant under 29 U.S.C. 216(b), and to award such other and further relief as the Court deems just and proper.

## II. MEMORANDUM OF LAW

In *Eagle v. Hosp. Physicians, LLC v. SRG Consulting, Inc.,* the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts established.'" 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const Co. v. Houston Nat'l Vabj,* 515 F.2d 1200, 1206 (5th Cir. 1975); also citing *Buchanan v. Bowman,* 820 F.2d 369,361 (11th Cir. 1987)).

Satisfying this standard, Mr. Bayne alleged facts in the Complaint that, as admitted pursuant to Defendant's default, establish that Defendant was subject to and violated the FLSA by

failing to pay Mr. Bayne overtime wages he earned, thereby entitling Mr. Bayne to recover his unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§206, 207, and 215(a)(2) and (5).)

### A.  Defendant Employed Plaintiff

Plaintiff alleged in the Complaint that Defendant, Concrete USA Inc., was his employer and responsible for paying his wages. [ECF No. 1 at ¶¶ 2, 5, 8].

### B.  The FLSA Applies to Defendant and to Plaintiff's Work for Defendant

Plaintiff must also demonstrate that he is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Serv., Inc.,* 488 F.3d 1264, 1266 (citing 29 U.S.C. §207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.,* 2012 U.S. Dist. LEXIS 114368 at *4(S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that Defendant's contracting company had 2 or more employees who were engaged in interstate commerce or the production of goods for commerce and had gross revenues exceeding $500,000 per year during the time Plaintiff worked. [ECF No. 1 at ¶¶ 12 - 18]. Plaintiff further alleged that Defendant's contracting company "regularly and repeatedly" utilized telephonic transmissions outside the State of Florida to conduct business, and

transmitted electronic information through computers, the internet, email, and other means outside of Florida in conducting its business. [*Id.* at ¶17]. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendant is subject to FLSA enterprise coverage. *Exime v. E.W. Ventures Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008) ("a defendant employer, grossing in excess of $500,000, is subject to enterprise coverage where at least two employees engage in 'handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce by any person.'") (quoting 29 U.S.C. §203(s)(1)(A)(i)).

Plaintiff also alleged that his work for Defendants was actually in or so closely related to the movement of commerce in the course of his handling of and operating heavy machinery, cranes, rigging tools, equipment, and supplies that have traveled through interstate commerce, that the FLSA applies. [ECF no. 1 at ¶ 15]. Therefore, Plaintiff sufficiently alleged a basis for the Court to find that he is entitled to individual FLSA coverage. *See e.g., Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employees "regularly using the instrumentalities of interstate commerce in h[is] work, e.g., regular and recurrent use of interstate telephone, telegraph, mail, or travel.") (citing 29 C.F.R. §§776.23(d)(2) and 776.24 (2005)).

### C. **Plaintiff Performed Work for Which He Was Not Paid**

Besides being owed overtime wages, the other issue in this case concerned the correct hourly rate Plaintiff was entitled to receive for his work, given that the Davis-Bacon Act applied to the work he performed and required a specific hourly rate for his job classification (along with fringe benefits). Plaintiff requested and received records from Miami-Dade County that identified the Davis-Bacon Act wages applicable to his position, which he used to (re)calculate his hourly rate for purposes of his overtime wage damages. (Exhibit "A"). Where information was missing from

the records in Plaintiff's possession, he estimated the information to arrive at his overtime wage damages. (*See* Exhibit "A").

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that is it the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours, and other conditions and practices of employment and who is in a position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

*Anderson v. Mt. Clemmens Pottery Co.,* 328 U.S. 680, 686-87 (1946). Plaintiff attested to having suffered damages for unpaid FLSA overtime wages of $2,453.15. [ECF No. 14; Exhibit "A"]. Plaintiff thus satisfied the requirement that he provide the court with evidentiary support for his damages recoverable under the FLSA.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or on capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth,* 420 F.3d 1225, 1231, 123 n.13 (11ᵗʰ Cir. 2005) (quoting *Adolph Coors Co. v. Movement against racism & the Klan,* 777 F.3d 1538, 1544 (11ᵗʰ Cir. 1985).

*Febles v. RC Painting Contractors, Inc.,* 2013 U.S. Dist. LEXIS 198664 at *1 (S.D. Fla. Dec. 31, 2013).

### D. Plaintiff is Entitled to Liquidated Damages

The FLSA requires the doubling of an award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1295, 1272 (11ᵗʰ Cir. 2008) ("Under the FLSA, a district court generally must award a Plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1566-68 (11ᵗʰ Cir. 1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon,* 814

F.2d 1537, 1539 (11th Cir. 1987). Defendant has not and cannot meet its burden by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in an amount equal to his unpaid overtime wages. *See Joiner,* 814 F.2d at 1539. ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Mr. Bayne is entitled to recover an additional amount of $2,453.15 as liquidated damages from Defendant.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the court enter a Default Final Judgment against Defendant, granting the relief described herein and determining that Plaintiff is the prevailing party entitled to attorneys' fees and costs pursuant to 29 U.S.C. §216(b). Plaintiff further requests that the Court reserve jurisdiction to determine the amount of such attorneys' fees and costs upon Plaintiff's subsequent application.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF System on this 16th  day of April 2026, which will effect service on all who appear in this action, and by U.S. mail on Defendant, Concrete USA Inc., 22405 SW 132 Ct, Miami, FL 33170 (the address where they were served with process in this action).

<u>Katelyn Schickman, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*